**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE ERIC GARCIA ROMAN, | Civil Action No. 26-8444 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| FIELD OFFICE DIRECTOR, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Jorge Eric Garcia Roman's habeas petition (ECF No. 1) challenging his ongoing immigration detention.  Following an order to answer, the Government filed a response to the petition.[1]  (ECF No. 7.)  For the following reasons, the petition is granted, and Petitioner be released.

Petitioner is a native and citizen of Peru who crossed the southern United States border without admission or inspection in April 2024.  (ECF No. 9-1 at 3-4.)  Petitioner was encountered by U.S. Border Patrol shortly after crossing the border and taken into custody.  (*Id.* at 4.)  Petitioner was issued with a notice to appear for immigration proceedings, and apparently released from custody.  (*Id.*)  Two years later, on June 24, 2026, Petitioner was arrested during a targeted enforcement operation and placed into immigration detention pending the completion of removal proceedings.  (ECF No. 9-3 at 3.)  During the arrest process, Petitioner expressed chest pains and

---

[1] Although this Court's order to answer provided an opportunity for Petitioner to respond, given Petitioner's pro se status and current location, and the Court's determination that Petitioner is entitled to release in this matter, the Court decides this case without awaiting a reply from the Petitioner.

difficulty breathing and was taken to Beth Israel Medical Center for medical care prior to being placed in immigration detention.  (*Id.*)  Although Petitioner was initially housed in Delaney Hall, he was transferred to an immigration detention facility in Calexico, California, on July 3, 2026, prior to this Court receiving his habeas petition and enjoining further transfers.[2]  (ECF No. 9-4 at 2.)  Petitioner has no criminal history.  (ECF No. 9-3 at 3.)

In his chief claim[3] in this matter, Petitioner argues that his current detention is unlawful as he has not been provided a bond hearing and has no criminal history.  (*See* ECF No. 1.)  The Government argues in its response to this Court's Order to Show Cause that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 9.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation

---

[2] Although this Court did not receive Petitioner's habeas petition until July 9, 2026,  (*see* ECF No. 1,) Petitioner submitted the petition for mailing on June 29, 2026, while he  was physically present in Delaney Hall within the jurisdiction of this Court.  As documents filed by detainees are generally considered to be filed when handed over for mailing, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing the prisoner mailbox rule generally), and as the Government does not argue a lack of jurisdiction based on Petitioner's transfer in its answer, this Court considers the Government to have conceded for the purposes of this case that this Court retains jurisdiction over this matter as it was handed over for mailing while Petitioner was detained in this district.  *See, e.g., Khalil v. President, United States*, 164 F. 4th 259, 268-70 (3d Cir. 2026) (jurisdiction in a § 2241 proceeding properly lies in the district of confinement at the time the petition was filed).

[3] In addition to this claim, Petitioner presents two others – one asserting unlawful conditions of confinement based on alleged inadequate medical care, and another asserting that his arrest itself was unlawful in the absence of a warrant.  It is not clear that this Court can address those claims in a habeas matter absent circumstances not present in this case.  *See, e.g., Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (conditions of confinement claims, including medical claims, may be raised in a habeas matter only in "extreme" circumstances); *Noori v. Soto*, 2026 WL 631642, at *3 n. 3 (D.N.J. Mar. 5, 2026) (habeas courts lack jurisdiction to hear Fourth Amendment challenges to allegedly unlawful arrests that can be raised in a later petition for review); *see also Khalil*, 164 F.4th at 275 (8 U.S.C. § 1252(b)(9) bars review in habeas of claims which can be raised in a petition for review even if harm has already been suffered as a result).  Even if the Court does have jurisdiction to hear those claims in this case, however, this Court need not address them as those claims are rendered moot by this Court's decision to order Petitioner's release.

2

arguments," (*Id.* at 3), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and remained in the United States for more than two years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2). *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in

> light of the Government's . . . continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately in New Jersey. An order consistent with this Memorandum Opinion will be entered.

Date: July 14, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

4